IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DAVID ANDRE JOY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:17CR382-1 |
| | ) | 1:19CV780 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This Court (per Chief United States District Judge Thomas D. Schroeder) entered a Judgment memorializing Petitioner's conviction and prison sentence of 180 months imposed after his guilty plea to possessing ammunition as a felon in violation of 18 U.S.C. § 922(g)(1) and a judicial determination that his prior record subjected him to enhanced punishment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (Docket Entry 36; see also Docket Entry 1 (Indictment); Docket Entry 34 (Plea Hrg. Tr.); Docket Entry 44 (Sent'g Hrg. Tr.).)[1] Petitioner appealed (Docket Entry 38), but the United States Court of Appeals for the Fourth Circuit affirmed, United States v. Joy, 771 F. App'x 307 (4th Cir. 2019). Petitioner then filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion") (Docket Entry 48), asserting these two claims:

---

[1] Parenthetical citations refer to Petitioner's criminal case.

1) "Appellate Counsel Was Ineffective For Failing To Raise A Section Of The First Step Act On Direct Appeal" (id., ¶ 12(Ground One); see also id., ¶ 12(Ground One)(a) (stating as "[s]upporting facts" for Ground One that Petitioner's "sentence was enhanced significantly pursuant to §924(e) based in part on 2 prior NC convictions for Breaking Or Entering," for which he "actually served less than 12 months on both sentences," and that, "[p]ursuant to Section 401 of the First Step Act . . . [he] can no longer be enhanced based on such convictions")); and

2) "Appellate Counsel Was Ineffective For Failing To Raise <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) On Direct Appeal" (id., ¶ 12(Ground Two) (underscoring added); see also id., ¶ 12(Ground Two)(a) ("Because [Petitioner] did not serve more than one year on either of his prior NC State Breaking Or Entering Convictions, appellate counsel was ineffective and his performance [was] deficient for failing to raise <u>Simmons</u> on direct appellate review." (underscoring added)); Docket Entry 53 at 4 ("[F]or his prior North Carolina State convictions for Felony Breaking And Entering, [Petitioner] received a suspended five-year sentence; and for the second Felony Breaking And Entering, [he] received a sentence of 11-14 months, of which he only served about 6 months." (emphasis omitted))).

To make out an ineffective assistance claim, Petitioner must show that his counsel's performance fell below a reasonable

2

standard for defense attorneys and that prejudice resulted. See Strickland v. Washington, 466 U.S. 668, 687-94 (1984); see also Smith v. Murray, 477 U.S. 527, 535-36 (1986) (applying Strickland standard to claim of appellate ineffective assistance). "Surmounting *Strickland*'s high bar is never an easy task." Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal quotation marks omitted); see also id. ("[T]he standard for judging counsel's representation is a most deferential one."); United States v. Galloway, 749 F.3d 238, 241 (4th Cir. 2014) ("To meet th[e prejudice] element of an ineffective assistance claim, [the defendant] would have to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different and that the result of the proceeding was fundamentally unfair or unreliable." (internal quotation marks omitted)). Petitioner cannot make any such showings of unreasonable performance and resulting prejudice.

As to Ground One, like others before him, "[Petitioner] contends that [Section 401 of] the First Step Act amended the language of the ACCA to define predicate offenses as prior offenses for which the offender served more than 12 months' imprisonment. However, the language on which he relies amended only the Controlled Substances Act[] . . ., not the language of the ACCA." United States v. Edwards, 767 F. App'x 546, 546-47 (4th Cir. 2019) (emphasis added) (citing First Step Act of 2018, Pub. L. No. 115-

3

391, § 401(a)(1), 132 Stat. 5194, 5220); see also id. at 547 ("Even after the First Step Act's enactment, an ACCA predicate 'violent felony' need only have been 'punishable by imprisonment for a term exceeding one year.'" (quoting 18 U.S.C. § 924(e)(2)(B))); Rodriquez v. United States, Nos. 1:06CR4, 1:21CV153, 2021 WL 2532934, at *3 (W.D.N.C. June 21, 2021) (unpublished) ("Section 401 of the First Step Act amended 21 U.S.C. § 841 to lower the mandatory minimum sentences for certain drug offenders with qualifying prior convictions, and narrowed the definition of qualifying predicate convictions that trigger those mandatory minimums. Under § 401, only a 'serious drug felony' or 'serious violent felony' for which the offender 'served a term of imprisonment of more than 12 months' now qualifies as a predicate offense, rather than the previously included 'felony drug offense,' . . . 'punishable by imprisonment of more than one year.'"); White v. United States, Nos. 3:18CR64, 3:19CV229, 2021 WL 308596, at *2-3 (W.D.N.C. Jan. 29, 2021) (unpublished) ("The First Step Act does not amend § 922(g) . . . . Because the First Step Act does not apply to [the p]etitioner's conviction or sentence, he cannot show deficient performance or prejudice.").[2]

---

[2] Alternatively, "because [Petitioner] was sentenced prior to the [First Step Act's] enactment, the benefits of § 401 are not available to him." United States v. Brunson, 968 F.3d 325, 335 (4th Cir. 2020) (analyzing First Step Act of 2018, Pub. L. No. 115-391, § 401(c), 132 Stat. 5194, 5221); see also Rodriquez, 2021 WL
(continued...)

4

Ground Two, in turn, "looks to the sentence that was actually imposed [and served for Petitioner's prior offenses], rather than the sentence he faced; [the Fourth Circuit] ha[s] repeatedly

---

[2](...continued)
2532934 at *4 ("[The p]etitioner was sentenced before the First Step Act became effective on December 21, 2018. Therefore, § 401 of the First Step Act does not apply to [his] sentence and his request for relief in this regard is denied."). Specifically, the Court (per Chief Judge Schroeder) sentenced Petitioner on November 9, 2018 (see Docket Entry 44 at 1), and "[t]he First Step Act of 2018 was signed into law on December 21, 2018," Rodriquez, 2021 WL 2532934 at *3 (internal citation omitted). In Petitioner's reply supporting the Section 2255 Motion, he argued that his "habeas proceedings should be held in abeyance pending the U.S. Supreme Court's decision in Richardson v. United States, No. 18-7036, which [he described as] poised to determine if the First Step Act applies to petitioners such as [Petitioner], whose direct appeal was pending when the [First Step Act] was signed into law." (Docket Entry 53 at 5 (standard capitalization applied).) The Supreme Court subsequently granted the certiorari petition to which Petitioner adverted and "remanded [that case] to the United States Court of Appeals for the Sixth Circuit for th[at] court to consider the First Step Act of 2018." Richardson v. United States, ___ U.S. ___, ___, 139 S. Ct. 2713, 2713-14 (2019) (internal citation omitted). On remand, consistent with the Fourth Circuit's (previously quoted) decision in Brunson, the Sixth Circuit "h[e]ld that [the defendant there] cannot benefit from the First Step Act because the district court resentenced him more than one year before the [First Step] Act became law." United States v. Richardson, 948 F.3d 733, 737 (6th Cir.), cert. denied, ___ U.S. ___, 141 S. Ct. 344 (2020). Petitioner later made a similar request for an "abeyance pending the outcome of the Fourth Circuit's decision in United States v. Zavian Jordan, No. 17-4751." (Docket Entry 54 at 1.) The Fourth Circuit since has issued its decision "in *United States v. Jordan*, 952 F.3d 160 (4th Cir. 2020), which held that § 403 of the [First Step Act], which contains the same retroactivity provision as does § 401, did not apply to a defendant whose sentence was pronounced – but not finalized after direct appeal – prior to the [First Step Act's] enactment," Brunson, 968 F.3d at 335; see also id. (rejecting argument that Section 401's "statutory language should be construed to extend [its] coverage to non-final criminal cases pending on direct review at the time of enactment" (internal quotation marks omitted)).

5

rejected this approach, even after *Simmons*." United States v. Sellers, 806 F.3d 770, 775 (4th Cir. 2015); see also United States v. Moon, 31 F.4th 259, 264-65 (4th Cir. 2022) ("Whether a crime is punishable by imprisonment for a term exceeding one year depends on the maximum sentence that a defendant could have received, not the sentence a defendant actually received." (internal brackets and quotation marks omitted)); United States v. Barlow, 811 F.3d 133, 140 (4th Cir. 2015) ("[U]nder *Simmons* we ask only what term of imprisonment the defendant was exposed to for his conviction, not the most likely duration of his imprisonment."); United States v. Kerr, 737 F.3d 33, 38 (4th Cir. 2013) ("Following our decision in *Simmons*, we have rejected defendants' arguments that they lack the requisite predicate felonies because the *actual* sentence they received under North Carolina law was less than a year of imprisonment." (emphasis in original)); United States v. Swann, 526 F. App'x 265, 267 n.2 (4th Cir. 2013) ("[The defendant] appears to argue that, because his sentence was suspended, it did not qualify as a predicate offense. However, a qualifying predicate felony is one for which [the defendant] himself could have been sentenced to a prison term exceeding one year. It is not required that [the defendant] was actually sentenced to serve (or did in fact serve) over one year." (internal citation omitted) (citing Simmons, 649 F.3d at 247)); United States v. Pulliam, 474 F. App'x 134, 135 (4th

6

Cir. 2012) ("The rule announced in *Simmons* does not compel us to look to the actual sentence imposed on a defendant."); <u>United States v. Edmonds</u>, 679 F.3d 169, 176 (4th Cir.) ("[T]he qualification of a prior conviction does not depend on the sentence [the defendant] actually received but on the maximum sentence that he could have received for his conviction."), <u>cert. granted, judg't vacated, and remanded</u>, 568 U.S. 803 (2012) (requiring "further consideration in light of *Dorsey v. United States*, 567 U.S. [260] (2012)"), <u>reinstated in pertinent part on remand</u>, 700 F.3d 146, 147 (4th Cir. 2012) ("[W]e reissue our earlier opinion in this case insofar as we . . . concluded that [the defendant's] prior North Carolina convictions for felony drug offenses qualified as predicate offenses under 21 U.S.C. § 841(b)(1)(A).").[3]

---

[3] In other words:

> Even if [Petitioner] actually served less than a year in prison on these state convictions, the two convictions still qualified as felonies under <u>Simmons</u> because [he] could have and actually did receive a sentence greater than one year for each conviction. That [he] served less than a year in prison for each conviction is irrelevant. Thus, there was no deficient performance or prejudice.

<u>Wiggins v. United States</u>, Nos. 5:12CR274, 5:16CV856, 2017 WL 1857233, at *3 (E.D.N.C. May 5, 2017) (unpublished) (internal citations omitted), <u>appeal dismissed</u>, 698 F. App'x 121 (4th Cir. 2017); <u>accord</u> <u>Ramos v. United States</u>, Nos. 1:12CR224, 1:15CV1556, 2016 WL 3002404, at *4-5 (E.D. Va. May 20, 2016) (unpublished), <u>appeal dismissed</u>, 670 F. App'x 81 (4th Cir. 2016); <u>Lloyd v. United States</u>, Nos. 1:12CR23, 1:14CV312, 2015 WL 5918380, at *4 (M.D.N.C. Oct. 9, 2015) (unpublished), <u>recommendation adopted</u>, 2016 WL 1048042 (M.D.N.C. Mar. 11, 2016) (unpublished) (Osteen, C.J.); <u>see</u>
(continued...)

In sum, Petitioner cannot show ineffective assistance due to his appellate counsel's failure to raise the First Step Act and Simmons issues proposed in Grounds One and Two. See Oken v. Corcoran, 220 F.3d 259, 269 (4th Cir. 2000) ("[C]ounsel [i]s not constitutionally ineffective in failing to object . . . [if] it would have been futile for counsel to have done so . . . ."); Carter v. Lee, No. 99-10, 202 F.3d 257 (table), 1999 WL 1267353, at *11 (4th Cir. Dec. 29, 1999) (unpublished) ("Appellate counsel [is] not ineffective for failing to raise [an issue] on appeal [which] is plainly without merit.").

---

³(...continued)
also Young v. United States, Nos. 4:96CR243, 1:12CV368, 2015 WL 12911640, at *2 (M.D.N.C. July 27, 2015) (unpublished) (Peake, M.J.) ("[The p]etitioner also argues that he did not receive more than a year of imprisonment for his assault convictions, but it is the potential sentence, not the one imposed or the time served, that controls under Simmons."), recommendation adopted, 2015 WL 12911762 (M.D.N.C. Sept. 8, 2015) (Tilley, S.J.), appeal dismissed, 631 F. App'x 146 (4th Cir. 2016); United States v. Simmons, Cr. No. 7:07-294, 2014 WL 11497856, at *2 (D.S.C. July 7, 2014) (unpublished) ("Whether or not a defendant was actually incarcerated for any time period is irrelevant to the determination of whether that defendant's prior crimes are felonies for the purposes of sentencing. The time that [the defendant] actually served for his [prior state] conviction is irrelevant." (internal quotation marks and citation omitted)); Haley v. United States, Nos. 5:09CR23, 5:12CV127, 2014 WL 29601, at *2 (W.D.N.C. Jan. 3, 2014) (unpublished) ("[The p]etitioner asserts that because he received only a suspended sentence for his 2004 conviction, th[at] conviction was not a predicate felony under *Simmons*. The fact that [the p]etitioner may not have served custodial time for the 2004 conviction is irrelevant to a *Simmons* inquiry.").

**IT IS THEREFORE RECOMMENDED** that the Section 2255 Motion (Docket Entry 48) be denied, without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

June 8, 2022